## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Candaisy Griffith, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Valentine & Kebartas, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Candaisy Griffith, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740 (2012).

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5.      The Plaintiff, Candaisy Griffith ("Plaintiff"), is an adult individual residing in Lawrenceville, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant Valentine & Kebartas, Inc. ("Valentine"), is a Massachusetts business entity with an address of 15 Union Street, Lawrence, Massachusetts 01840, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by Valentine and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      Valentine at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9. The Plaintiff allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Valentine for collection, or Valentine was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Valentine Engages in Harassment and Abusive Tactics

13. Within the last year, Valentine contacted Plaintiff in an attempt to collect the Debt, which had been previously paid off.

14. Valentine called Plaintiff in an attempt to collect the Debt and failed to identify itself.

15. During the initial conversation, Plaintiff informed Valentine that the Debt had been satisfied and instructed Valentine to cease all communications with her.

16. Valentine threatened to continue calling Plaintiff until she mailed the company proof of the satisfied Debt.

17. Thereafter, Valentine continued to contact Plaintiff at an excessive and harassing rate, which included calling Plaintiff's cellular telephone five times on Saturday, May 5, 2012.

18. Additionally, Valentine placed automated calls with pre-recorded voice messages on Plaintiff's cellular phone line, without Plaintiff's consent, in an attempt to collect the Debt. When Plaintiff called Valentine to complain about the excessive number of calls, she spoke to an employee who identified himself as "Mr. Lambert" and who blamed the multiple calls on the "robo-dialer."

### C. Plaintiff Suffered Actual Damages

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq*.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character of the Debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, *et seq.*

29. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Without prior consent, the Defendants made telephone calls to the Plaintiffs' cellular telephone lines using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiffs in violation of 47 U.S.C. § 227(b)(1)(B).

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

32. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for

invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35. Georgia further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Georgia state law.

36. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with above referenced telephone calls.

37. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

38. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

40. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## INTENTIONAL (OR RECKLESS) INFLICTION
## OF EMOTIONAL DISTRESS

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

42. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

43. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Georgia.

44. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

45. Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

46. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

47. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of Georgia.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

3. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

4. Statutory damages of $500.00 for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

5. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

6. Treble damages of up to $1,500.00 for each violation, pursuant to 47 U.S.C. § 227(b)(3)(C);

7. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

8. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

9. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

10. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

11. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 3, 2013.

                        Respectfully submitted,

                        By: /s/ Cara Hergenroether
                        Georgia Bar No. 570753
                        Attorney for Plaintiff Candaisy Griffith
                        LEMBERG & ASSOCIATES L.L.C.
                        1400 Veterans Memorial Highway
                        Suite 134, #150
                        Mableton, GA 30126
                        Telephone: (855) 301-2100 ext. 5516
                        Facsimile:   (888) 953-6237
                        Email: chergenroether@lemberglaw.com